NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGARDO ANTONIO ASCENCIO
MEJIA,

            Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

            Respondent.

No. 20-72995

Agency No.
A216-554-670

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2024[**]

Before:    TASHIMA, SILVERMAN, and KOH, Circuit Judges.

Edgardo Antonio Ascencio Mejia, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

applications for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We have jurisdiction under

---

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that Ascencio Mejia failed to establish he was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Because Ascencio Mejia failed to establish any nexus at all, he also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

Thus, his asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT protection because Ascencio Mejia failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Ascencio Mejia's contentions regarding the Interpol Red Notice and ineffective assistance of counsel are not properly before the court because he failed to raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S.

2                                                                    20-72995

411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

Ascencio Mejia's claim the agency violated due process by denying him access to counsel fails because he has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."); *Usubakunov v. Garland*, 16 F.4th 1299, 1303 (9th Cir. 2021) ("[N]oncitizens have the right to counsel in removal proceedings, albeit not the right to counsel paid for by the government.").

Ascencio Mejia's motion to supplement the opening brief (Docket Entry No. 27) is granted. The clerk will fill the supplemental brief received at Docket Entry No. 28. The renewed requests for appointment of counsel and bond contained in Docket Entry No. 28 are denied.

We do not consider the materials Ascencio Mejia references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**